## Case No. 8,931a.

### McVEIGHT et al. v. McKNIGHT.

[2 Hayw. & H. 208.] [1]

Circuit Court, District of Columbia. June 25, 1856.

TO SATISFY EXECUTIONS.

The husband of the defendant was insolvent, and largely indebted to sundry judgment creditors, who sued out attachments against him and levied them upon the defendant's share in the sale of certain real estate left by her father, and now in the hands of commissioners appointed by the court to make partition. As the proceeds of the sale were never in the actual possession of the husband, it was held that the attaching creditors acquired no right to the proceeds of the sale.

Anthony Preston died intestate, leaving a large real estate in this city. His widow and heirs applied to the circuit court for the appointment of commissioners to make partition of it, which application was granted. On examining the various parcels of land the commissioners reported that they were so situated that they could not be equally di-

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

vided. The court thereupon, at the request of the petitioners, directed the lands to be sold, and the proceeds to be divided and paid to the widow and heirs. The sale was accordingly made, and the shares duly paid over, except that of the defendant, Mrs. Ann E. McKnight, who was a daughter of Preston. Her husband [James M. McKnight] was insolvent and largely indebted to sundry judgment creditors, who sued out attachments thereon against him, and levied them upon Mrs. McKnight's share, consisting of money and bonds, while in the hands of the commissioners. The creditors [William McVeight and others,] contended that the sale and confirmation thereof by the court converted her share into personal property, and that as such, it belonged to her husband and became liable to be attached for his debts. In behalf of Mrs. McKnight it was insisted that her share of the proceeds of her real estate continued hers until it came into the actual possession of her husband, or until he had exercised a legal control over it. A motion was made in her behalf to quash the attachments. During the pendency of this motion Mr. McKnight died, his wife and two children surviving him.

The cases were elaborately argued on both sides by—

Bradley, Davidge & Chilton, for plaintiffs.

R. H. Gillet and J. M. Carlisle, for defendants.

After full consideration THE COURT held: That the attaching creditors acquired no right to Mrs. McKnight's share in the proceeds of said sale, and thereupon quashed the attachments.